UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

    Plaintiff,

v.

HENRI RICHARDS, *et al.*,

    Defendants.

Case No. C08-5541 RJB/KLS

ORDER TO SHOW CAUSE

    This civil rights action has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local MJR 3 and 4, and Federal Rule of Civil Procedure 72. Plaintiff was granted leave to proceed *in forma pauperis*. Dkt. # 3.

    Presently before the Court for review is Plaintiff's petition for writ of mandamus seeking relief under 28 U.S.C. § 1361. Dkt. # 4[1]. Plaintiff requests that the Court order the removal of an employee of the Special Commitment Center (SCC). *Id*.

---

[1] Plaintiff subsequently filed a second "petition," and various affidavits and attachments which vary somewhat from his original filing. These have been collectively docketed as "Supplements to Petition for Writ of Mandamus." Dkt. # 5. Plaintiff is directed to cease further filings in this matter until he has provided the Court with a response to this Order.

ORDER - 1

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an extraordinary remedy. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). A writ of mandamus is appropriately used only when (1) the petitioner's claim is "clear and certain"; (2) the respondent official's duty to act is ministerial and (3) no other adequate remedy is available. *Id*. (citing *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986)).

Plaintiff relies on *Shea v. Edward*, 581 N.E.2d 822 (1991), an Illinois state case that involves the Illinois state practice of allowing prisoners to petition for a writ of mandamus commanding prison officials to retry a disciplinary charge where the prisoner did not receive due process. *Id.*; *See also, McAtee v. Cowan*, 250 F.3d 506 (7th Cir. 2001) (power of Illinois courts to review prisoner disciplinary proceedings to resolve good time credits for violation of both federal and state law is well-established). These authorities are neither persuasive nor relevant to the petition filed by Plaintiff here.

In this case, Mr. Ayers filed a petition for a writ of mandamus, seeking to compel the court to issue an order directing the superintendent of the SCC to relocate an employee, whom Mr. Ayers claims is abusing him. Dkt. # 4, p. 1. The extraordinary remedy of mandamus is not appropriate to compel the type of relief sought by Mr. Ayers in this lawsuit. The district court does not have jurisdiction to issue a writ of mandamus to state officers. *Demos v. United States Dist. Court for E. Dist. Of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*,

ORDER - 2

478 U.S. 1020 (1986).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

Due to the deficiencies described above, the court will not serve the complaint. Plaintiff shall file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed **no later than December 5, 2008**. Plaintiff's amended complaint shall consist of a **short and plain statement** showing that he is entitled to relief. Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) The dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C08-5541RJB/KLS must be written in the caption**. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General

ORDER - 3

Order to Plaintiff.

**Plaintiff is cautioned that if he fails to amend his complaint by December 5, 2008, the Court will dismiss the complaint for failure to state a claim**.

Dated this  12th  day of October, 2008.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

ORDER - 4