UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

    Plaintiff,

v.

HENRI RICHARDS, *et al.*,

    Defendants.

Case No. C08-5541 RJB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: January 23, 2009**

This 42 U.S.C. § 1983 civil rights action has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local MJR 3 and 4. Plaintiff was granted leave to proceed *in forma pauperis*. Dkt. # 3. After reviewing the complaint in this action, the undersigned recommends that the action be **dismissed with prejudice** prior to service with dismissal counting as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

**DISCUSSION**

Mr. Ayers wishes to file a petition for writ of mandamus seeking relief under 28 U.S.C. § 1361. Dkt. # 4. Mr. Ayers requests that the Court order the removal of an employee of the Special Commitment Center (SCC) because the employee has deliberately subjected him to physical and emotional abuse. *Id*. Mr. Ayers also claims that his complaints against this staff person have been

REPORT AND RECOMMENDATION - 1

ignored in violation of his Eighth Amendment and due process rights. *Id*., p. 6.[1]

## DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*Citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an extraordinary remedy. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). A writ of mandamus is appropriately used only when (1) the petitioner's claim is "clear and certain"; (2) the respondent official's duty to act is ministerial and (3) no other adequate remedy is available. *Id*. (citing *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986)).

Plaintiff relies on *Shea v. Edward*, 581 N.E.2d 822 (1991), an Illinois state case that involves the Illinois state practice of allowing prisoners to petition for a writ of mandamus commanding prison officials to retry a disciplinary charge where the prisoner did not receive due process. *Id*.; *See also, McAtee v. Cowan*, 250 F.3d 506 (7th Cir. 2001) (power of Illinois courts to review prisoner disciplinary proceedings to resolve good time credits for violation of both federal and state law is well-established). These authorities are neither persuasive nor relevant to the petition filed by Plaintiff here.

In this case, Mr. Ayers filed a petition for a writ of mandamus, seeking to compel the court to issue an order directing the superintendent of the SCC to relocate an employee, whom Mr. Ayers claims is abusing him. Dkt. # 4, p. 1. The extraordinary remedy of mandamus is not appropriate to

---

[1] Plaintiff subsequently filed a second "petition," and various affidavits and attachments which vary somewhat from his original filing. These are collectively docketed as "Supplements to Petition for Writ of Mandamus." Dkt. # 5.

REPORT AND RECOMMENDATION - 2

compel the type of relief sought by Mr. Ayers in this lawsuit. The district court does not have jurisdiction to issue a writ of mandamus to state officers. *Demos v. United States Dist. Court for E. Dist. Of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991).

On November 12, 2008, the Court explained these deficiencies to Mr. Ayers but before it dismissed his complaint, it provided him with an opportunity to amend his complaint to state a claim under 42 U.S.C. § 1983. Dkt. # 7. The Court provided specific instructions and guidance for Mr. Ayers to file his amended complaint. *Id*., pp. 2 and 3. Mr. Ayers was asked to file an amended complaint consisting of a short and plain statement showing that he is entitled to relief, alleging with specificity the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, the dates on which the conduct of each defendant allegedly took place and the specific conduct or action he alleges is unconstitutional. *Id*., p. 3. The Court directed the Clerk to provide Mr. Ayers with the appropriate forms needed so that he could file his amended complaint. *Id*.

In response, Mr. Ayers filed three documents. Dkts. # 8, 9 and 10. In the first and third of these documents, (Dkts. # 8 and 10), Mr. Ayers complains that counsel and the Special Commitment Center (SCC) must be ordered to provide him with free photocopies so that he can comply with the Court's order. The Court was previously unpersuaded by a similar argument made by Mr. Ayers' in Case No. C08-5390 BHS/KLS. (*See* Order Denying Plaintiff's Motion for Order Directing Photocopies from SCC.) Mr. Ayers is allocated 90 photocopies per month at no cost to him. *See* Dkt. # 60, ¶ 3, Case No. C08-5390 BHS/KLS.

In Dkt. # 9, Plaintiff cites generally to the Eighth Amendment as grounds for not dismissing his case, but then argues that his "only adequate remedy available is served in the filing of this writ of mandamus." Dkt. # 9, p. 3. Plaintiff maintains that his claims are "clear and certain" and that the "simple mandamus remedy" . . . "and not a lawsuit," is in fact appropriate in this case.

It does not appear this defect can be cured and dismissal prior to service is therefore appropriate. *Franklin v. State of Oregon, State Welfare Division,* 662 F.2d 1337 (9th Cir. 1981).

REPORT AND RECOMMENDATION - 3

# CONCLUSION

The action should be **DISMISSED WITH PREJUDICE.** Dismissal for failure state a claim counts as a strike pursuant to 28 U.S.C. 1915 (g). A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 23, 2009**, as noted in the caption.

Dated this 31st day of December, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4