UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

                Plaintiff,

v.

HENRY RICHARDS, et al.,

                Defendants.

No. C08-5541 RJB/KLS

**REPORT AND RECOMMENDATION**
**NOTED FOR: September 18, 2009**

Before the Court is Plaintiff Lenier Ayer's "Restraining Order Requesting the Return of My Personal Property Without Any Further Delay, and Injunction Preventing Additional Seizure of This Property," in which Mr. Ayers seeks the return of a gym bag he alleges was illegally seized from him by Defendants. Dkt. 43.

Having carefully reviewed Mr. Ayers' motion, Defendants' response (Dkt. 44), and the balance of the record, the Court recommends that Mr. Ayers' motion should be denied.

## I. BACKGROUND AND RELIEF REQUESTED

Mr. Ayers is civilly committed as a sexually violent predator at the Special Commitment Center (SCC) pursuant to Wash. Rev. Code 71.09. Dkt. 44, p. 2. In his Amended Complaint, filed on February 2, 2009, Mr. Ayers alleges, *inter alia,* that Defendants violated his First and Eighth Amendment rights by denying him access to the courts, providing insufficient responses

REPORT AND RECOMMENDATION- 1

to his grievances, providing inadequate medical care and subjecting him to verbal and physical harassment. Dkt. 15.

In the motion requesting return of his property and for a preliminary injunction, Mr. Ayers alleges that on May 25, 2009, a staff member unnecessarily searched and then seized his gym bag and falsely accused him of having received the gym bag from some unidentified staff person. Dkt. 43, p. 4. Mr. Ayers also complains about property (e.g., CDs and DVDs) confiscated during a search of his bedroom in 2006, and about funds he received in 2006 and in May 2009 that were credited to his resident trust account. *Id.*, pp. 17, 5.

Mr. Ayers seeks an order directing the Administrator of the SCC to return his gym bag, 77 assorted music and DVD discs, and 80% of the "garnished" funds he claims were illegally deposited into his resident trust account. *Id.*, p. 4.

## II. DISCUSSION

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), a plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added).

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). This holding applies even more strongly in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85, 107 S. Ct. 2254 (1987). "Prison administration is, moreover, a task that has been committed to the responsibility of those [executive and legislative] branches and separation of powers concerns

REPORT AND RECOMMENDATION- 2

counsels a policy of judicial restraint. Where a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities." *Id*.

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc*., 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." See *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc*., 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted). "These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [the movant], the less probability of success must be shown." See *Walczak v. EPL Prolong, Inc*., 198 F.3d 725, 731 (9th Cir. 1999) (internal quotations omitted). Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

The issues raised and nature of relief requested by Mr. Ayers in his motion, are not of the same character as that sought in his amended complaint. In his amended complaint, Mr. Ayers alleged that Defendants violated his constitutional rights by denying him access to the courts, denying him adequate medical care and subjecting him to verbal and physical harassment.

A temporary restraining order and a preliminary injunction are requests for relief, not freestanding causes of action. *See Ricon v. Recontrust Company*, 2009 WL 2407396, *6 (S.D. Cal.) (August 04, 2009). Defendants argue that Mr. Ayers cannot show he will prevail on the merits warranting a preliminary injunction or temporary restraining order relating to the issues

REPORT AND RECOMMENDATION- 3

raised in his motion because these issues are not raised as claims in his complaint. Dkt. 44, p. 3 (citing *Ricon*, at *6). The Court agrees.

In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *Id*.

Mr. Ayers seeks relief for matters unrelated to the matters raised in his Amended Complaint. Therefore, the undersigned recommends that his motion for preliminary injunction may be denied on that basis.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court **DENY** Mr. Ayers' motion for preliminary injunction. Dkt. 43.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 18, 2009**, as noted in the caption.

DATED this  1st  day of September, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4