UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LENIER AYERS, <br><br> Plaintiff, <br><br> v. <br><br> HENRY RICHARDS, et al. <br><br> Defendants. | NO. C08-5541 RJB/KLS <br><br> ORDER DENYING MOTIONS TO DEPOSE WITNESSES AND GRANTING EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANTS' SUMMARY JUDGMENT MOTION |

Before the court are Plaintiff's motions to conduct depositions and to extend time to file his opposition to the defendants' motion for summary judgment. Dkts. 59 and 60. Having reviewed the motions and response of defendants (Dkt. 62), the court finds that Plaintiff's motion to take discovery shall be denied, but that he shall be granted a short extension of time within which to file documentary evidence in support of his response to the summary judgment motion.

**DISCUSSION**

**A. Motion to Conduct Depositions**

Mr. Ayers seeks court permission to take the electronic depositions of defendants and staff witnesses "who were present during the complaint reported use of excessive and unnecessary force." Dkt. 59, p. 2.[1] Mr. Ayers lists three defendants and two staff members as potential deposition witnesses. *Id.* Defendants object to the motion because the discovery deadline has passed and they will be prejudiced by the additional discovery because they have

---

[1] On January 6, 2010, Mr. Ayers filed an amendment to his motion, adding additional staff members of SCC as potential deposition witnesses. Dkt. 65.

already incurred the expense to draft and file their summary judgment motion. Dkt. 62, p. 2. Defendants filed their motion for summary judgment on December 14, 2009. Dkt. 50. It is presently noted for consideration on January 8, 2010. *Id.*

On June 15, 2009, the parties were notified by the court's entry of a Pretrial Scheduling Order that all discovery must be completed by November 7, 2009. Dkt. 41. The dispositive deadline motion was set for December 5, 2009, but was subsequently extended at the request of Defendants. Dkt. 58. Mr. Ayers did not seek an extension of the discovery deadline.

In the six months following entry of the Pretrial Scheduling Order, Mr. Ayers failed to note any depositions. Dkt. 63, ¶ 2. He provides no explanation of why he conducted no discovery during the preceding six months and provides no explanation of why he waited almost two months following the close of discovery and two weeks after the dispositve motion deadline to request leave to conduct the depositions.

In light of Mr. Ayers' failure to diligently pursue discovery in this case and the prejudice to defendants by permitting deposition discovery at this late date, Mr. Ayers' motions to take depositions (Dkts. 59 and 65) shall be denied.

**B.     Motion for Extension of Time to Respond to Summary Judgment Motion**

In his motion for an extension of time, Mr. Ayers states that he requires additional time to respond to Defendants' motion for summary judgment because (1) he wants to depose SCC staff and resident witnesses; (2) he needs time to request 500 copies of attachment evidence to his response and (3) he has been diligently fighting the AG's "underhanded overlitigation [sic] tactics in C08-5390, which is now stayed pending the appointment of counsel on appeal to the 9th Circuit Court of Appeals." Dkt. 60.

Case No. C08-5390 has been stayed since November 16, 2009 pending Mr. Ayers' compliance with a sanctions order entered pursuant to CR 11. (C08-5390 BHS/KLS at Dkt.

180). The appeal in that case was dismissed on November 18, 2009 for lack of subject matter jurisdiction. *Id.* at Dkt. 181. Defendants' motion for summary judgment in this case was not filed until a month after Mr. Ayers' appeal was dismissed in his other case. Mr. Ayers has been previously admonished and sanctioned for making unfounded comments regarding defense counsel's conduct of that case. He should refrain from making any unsupported comments in this case also.

Mr. Ayers filed his opposition to Defendants' motion for summary judgment on December 30, 2009. Dkt. 61. He seeks additional time to attach "500 copies of attachment evidence showing genuine issues of material fact …". Dkt. 60. Although he does not identify the nature of his proposed evidence, the court finds that a reasonable continuance of the summary judgment deadline is appropriate to allow Mr. Ayers to file his summary judgment evidence to support his brief in opposition.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motions to depose (Dkts. 59 and 65) are **DENIED.**

(2) Plaintiffs' motion for an extension of time (Dkt. 60) is **GRANTED.**

(3) Plaintiff shall file his summary judgment evidence on or before **February 22, 2010.**

(4) Defendants may file their reply on or before **February 26, 2010**. The Clerk shall re-note Defendants' motion for summary judgment (Dkt. 5) for **February 26, 2010.**

(5) The clerk is directed to send copies of this Order to Plaintiff and to counsel for Defendants.

DATED this  12th  day of January, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER 3