UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

                Plaintiff,

v.

HENRY RICHARDS, et al.,

                Defendants.

No. C08-5541 RJB/KLS

ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for appointment of counsel. Dkt. 68. Having carefully reviewed Plaintiff's motion, Defendants' response (Dkt. 72), and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

*DISCUSSION*

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied). To decide whether exceptional

ORDER DENYING MOTION FOR COUNSEL - 1

circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Mr. Ayers has been litigating two lawsuits before this Court for over a year. *See* C08-5390 BHS/KLS. Defendants maintain that the claims raised by Mr. Ayers in this case are duplicative of those raised by Mr. Ayers in C08-5390. Dkt. #50 at 9-10. In C08-5390, Mr. Ayers made four requests for appointed counsel, which were all denied. C08-5390 at Dkts. #56, 100, 159. Mr. Ayers supports his request for counsel in this case on complaints relating to the litigation process in C08-5390, his inability to obtain public disclosure documents, and lack of access to photocopies. Dkt. 68, ¶¶ 9-10. The court has repeatedly found these assertions to be baseless in Case No. C08-5390. Dkt. 139, p. 12, n. 4. In addition, Mr. Ayers' claim that he does not have access to photocopies is without merit. For example, he recently filed a 400-page document in this case (Dkt. 66) and continues to file motions.

ORDER DENYING MOTION FOR COUNSEL - 2

Mr. Ayers also supports his request for counsel based on his need to conduct discovery in this case. Dkt. 68, ¶¶ 22-23. However, discovery in this matter ended on November 7, 2009 (Dkt. 41) and the court has denied Mr. Ayers' request to reopen discovery. Dkt. 67.

Finally, the pleadings filed by Mr. Ayers in C08-5390 and in this case reflect that he is able to articulate his claims and cite to relevant authority. See, e.g., First Amended Civil Rights Complaint. Dkt. 15.

In summary, Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*, has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them, nor has he shown that he is likely to succeed on the merits on his case.

Accordingly, Plaintiff's motion to appoint counsel (Dkt. 68) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this  24th  day of February, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3