UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

          Plaintiff,

    v.

HENRY RICHARDS, et al.,

          Defendants.

Case No. 08-5541RJB

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Karen L. Strombom's Report and Recommendation (Dkt. 81). The Court has considered the Report and Recommendation, SCC Defendants' Objections to Report and Recommendation (Dkt. 83), and the relevant record herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2010, Magistrate Judge Karen L. Strombom issued a Report and Recommendation which granted in part and denied in part the Defendants' motion for summary judgment as follows:

> Defendants' motion for summary judgment (Dkt. 50) be GRANTED, in part, in favor of: (1) Defendants Dorfner and Hogan as to allegations of excessive force (January 17, 2006) incident; (2) Defendant Garcia as to allegations of bringing a false charge (June 1, 2008 incident); (3) Defendants Garcia, Hogan, Steinback and Dorfner as to Plaintiff's placement in IMU; (4) Defendant Steinbach as to

ORDER - 1

    removal of blankets; (4) Defendants Dorfner, Hogan, Garcia and Steinbach as to allegations of harassment and deliberate provocation; (5) all claims against Defendants for damages in their official capacities; (6) all claims against Defendants under Washington's Public Disclosure and Abuse of Vulnerable Adults Acts.  The foregoing claims against these Defendants should be Dismissed with Prejudice.

    Defendants' motion for summary judgment (Dkt. 50) be DENIED, in part, as to: (1) Defendant Steinbach as to allegations of excessive force (August 8, 2008 cuff-port incident) and (2) claims against Defendants Bell, Denny, Richards and Sziebert, which Defendants argue are duplicative of claims asserted in C08-5390 BHS/KLS.

Dkt. 81, p. 34.  The Magistrate Judge noted in a footnote that if the District Court adopts the report and recommendation, the following claims will remain:

    (1) against SCC for failure to respond to complaints; (2) against Defendant Steinbach for denial of access to courts by limiting "legal" telephone calls; (3) against Defendant Thomas Bell for lack of medical care after Mr. Ayers broke his thumb on the telephone; (4) against Defendants Weinberg, Sziebert, and Stoddard for retaliation for filing of lawsuits and grievances by failings to separate Mr. Ayers from Alder North and Alder West residents; (5) against Defendant Steinbach for excessive force on August 8, 2008; and (6) possibly a claim against the remaining defendants regarding the Plaintiff's placement in administrative segregation without a hearing.

Dkt. 81, p. 34, n. 8.

On May 24, 2010, the SCC Defendants filed Objections to the Report and Recommendation (Dkt. 83).  The SCC Defendants objected in part to the Report and Recommendation to the extent that the Magistrate Judge did not recommend dismissing the claims as argued in their filing.  Dkt. 83.  The SCC Defendants make five specific objections.  *Id*.  Defendants contend that (1) the Court should dismiss the claims against Defendants Drs. Bell, Richards, and Sziebert as duplicative of claims Plaintiff raised in Ayers v. Richards, C08-5390 BHS/KLS; (2) Defendant Steinbach did not use excessive force to maintain and restore discipline in view of the threat Mr. Steinbach reasonably perceived; (3) Defendant Steinbach did not impede Mr. Ayers' access to the courts; (4) the SCC does not interview potential suspects or

ORDER - 2

1  conduct administrative hearings regarding incidents that are referred to law enforcement to
2  prosecution, therefore Mr. Ayers cannot show that lack of a hearing violated any constitutional
3  right; and (5) the SCC and Messrs. Weinberg and Stoddard are not defendants in this case,
4  therefore there are no claims against them.  Dkt. 83.

## II. DISCUSSION

### A. DUPLICATIVE CLAIMS AGAINST DRS. BELL, RICHARDS AND SZIEBERT

The Report and Recommendation states that the Magistrate Judge cannot recommend granting Defendants' motion on the claims regarding Defendants Bell, Denny, Richards and Sziebert on the grounds that they are duplicative because the previous lawsuit has not been adjudicated on the merits.  Dkt. 81, p. 27.  The Report and Recommendation states that it is also not clear based on the information provided by Defendants on their motion for summary judgment whether the facts from this lawsuit arise or substantially arose from the same transactional nucleus of facts.  Dkt. 81, p. 27-28.  The Magistrate Judge recommended that Defendants' motion for summary judgment on these claims be denied without prejudice.

Defendants object to the Report and Recommendation renewing their argument that the claims against Drs. Bell, Richards and Sziebert are duplicative.  However, the Report and Recommendation is well reasoned and it thoroughly examines this issue.  The Court is persuaded by the analysis in the Report and Recommendation and it should be adopted as to this issue.

### B. EXCESSIVE FORCE CLAIM AGAINST DEFENDANT STEINBACH

The Report and Recommendation states that the Defendants have failed to meet their burden of establishing the absence of a genuine issue of material fact.  Dkt. 81, p. 20-21.  The Report and Recommendation states that the Defendants rely on the Declaration of Defendant Steinbach, who does not address the incident in his declaration, and on the Declaration of Becky

Denny, to which are attached copies of SCC's documentation regarding the cuff-port incident, including the results of an administrative review hearing held on September 2, 2008. Dkt. 81, p. 19. The Report and Recommendation states that Ms. Denny cannot testify to what occurred at the administrative review hearing since she is not competent to testify as to the contents of any records attached to her declaration. Dkt. 81, p. 4, 19. The Report and Recommendation continues by stating that the "court can take notice only of the fact that an investigation was completed and that the panel members concluded that Mr. Ayers' action fit the definition of "Aggression; Physical", a Category 1 violation, and found Mr. Ayers in violation of SCC policy 235: Behavioral Intervention and Treatment. Dkt. 81, p. 19-20. The Magistrate Judge recommended that the Defendants' motion for summary judgment as to this claim be denied. Dkt. 81, p. 21.

In response to the Report and Recommendation, the Defendants provide a second declaration of Defendant Steinbach which further elaborates on the incident in the claim. Dkt. 83, p. 3. However, this was not provided to the Magistrate Judge at the time of her recommendation. The Magistrate Judge's recommendation is correct in regards to the information she had at the time of the issuance of the Report and Recommendation. Even if this Court considers the new declaration, the results would be the same. There is a genuine issue of material fact; whether reasonable or excessive force was used is disputed. Moreover, where there is a dispute, inferences must be drawn in the light most favorable to the nonmoving party. With or without the new declaration, the Magistrate Judge's recommendation is correct. Therefore, the Report and Recommendation as to this issue should be adopted.

**C. DENIAL OF ACCESS TO COURTS CLAIM AGAINST DEFENDANT STEINBACH**

The Report and Recommendation notes that there is a claim against Defendant Steinbach

ORDER - 4

for denial of access to courts by limiting "legal" telephone calls in a footnote.  Dkt. 81, p. 34, n. 8.  Defendants object to this statement made in the Report and Recommendation.  Dkt. 83, p. 4.  Defendants contend that Plaintiff was allowed to make legal calls and possess various materials for legal use.  *Id*.  The Court notes that it appears that the Magistrate Judge only makes an observation and makes no recommendation or findings regarding this claim.  Moreover, the footnote appears irrelevant since there was no argument made by the Defendants regarding this claim in their motion for summary judgment.  Therefore, the Court will not address what has not been argued in the motion for summary judgment or recommended by the Magistrate Judge.

**D.  CONSTITUTIONAL CLAIM REGARDING ADMINISTRATIVE HEARINGS**

The Report and Recommendation notes that there is possibly a claim against the remaining defendants regarding the Plaintiff's placement in administrative segregation without a hearing in a footnote.  Dkt. 81, p. 34, n. 8.  Defendants object to this statement in the Report and Recommendation.  Dkt. 83, p. 4.  Defendants contend that when a matter is referred for criminal investigation, there is no requirement that an administrative hearing be held.  *Id*.  As mentioned above, the Court notes that the Magistrate Judge makes no recommendation or findings regarding this claim.  It also appears that there was no argument made by the Defendants regarding this claim in their motion for summary judgment.  The Court will not address what has not been argued or recommended.

**E.  CLAIMS AGAINST SCC, WEINBERG AND STODDARD**

In footnote 8 on page 34 of the Report and Recommendation, it states that "the following claims will remain… (1) against SCC for failure to respond to complaints;… (4) against Defendants Weinberg, Sziebert and Stoddard for retaliation…"  The Defendants state that the SCC, Weinberg and Stoddard are not Defendants in this case.  Dkt. 83, p. 5.  Upon review of the

1   case it appears that they are not Defendants.  However, the Court considers the footnote

2   irrelevant because the SCC, Weinberg and Stoddard are not Defendants in this case and therefore

3   has no effect on the Defendants' motion for summary judgment.

4        For the foregoing reasons, the Court should adopt the Report and Recommendation with

5   the note that footnote 8 on page 34 of the Report and Recommendation is considered dicta.

6

7        The Court does hereby find and **ORDER**:

8        (1)     The Court **ADOPTS** the Report and Recommendation of Magistrate Judge Karen L. Strombom (Dkt. 81); and

9

10  (2)     The Clerk is directed to send copies of this Order to all counsel of record, Hon. Karen L. Strombom, and any party appearing *pro se* at said party's last known address.

11  DATED this 16th day of June, 2010.

                                     /s/ Robert J. Bryan

                                   ROBERT J. BRYAN
                                   United States District Judge