1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8  LENIER AYERS,

9              Plaintiff,                 No. C08-5541RJB/KLS

       v.

10                                         ORDER GRANTING MOTION TO
   HENRI RICHARDS, RICHARD           MODIFY PRETRIAL SCHEDULING
11 STEINBACH, MIKE HOGAN, JERAMY     ORDER
   DORFNER, BECKY DENNY, JOSE
12 GARCIA, LESLIE SZIEBERT, THOMAS
13 BELL, and KRYSTAL KNUTSON,

14              Defendants.

15        Before the court is Defendants' Motion to Modify the Pretrial Scheduling Order and

16 Allow Defendants to File a Successive Motion for Summary Judgment.  Dkt. 93.  Plaintiff filed a

17 "Motion for the Court to Deny the Defendant's Successive Motion for Summary Judgment, and

18 Allow Plaintiff to Produce Witness Affidavits, and Security Video of the Alleged Assault

19 Against Defendant Jose David Garcia."  Dkt. 97.  Having considered the motion, Plaintiff's

20 motion in opposition, and balance of the record, the court finds that an amended scheduling order

21 should be entered to allow a successive motion for summary judgment on the remaining claims.

22                              **BACKGROUND**

23        Plaintiff filed this civil rights lawsuit on January 5, 2009.  Dkt. 15.  On June 16, 2009, the

24 Court entered a pretrial scheduling order with a dispositive motion deadline of December 5,

25

26

AMENDED PRETRIAL SCHEDULING ORDER- 1

2009.  Dkt. 41.  Defendants moved the court for an extension of the dispositive motion deadline, which the court granted, and defendants filed their motion for summary judgment on December 14, 2009.  Dkts. 49, 50, and 58.  Defendants' motion for summary judgment was granted in part, leaving at least one of Mr. Ayers' claims, referred to as "The August 8, 2008, Cuff-Port Incident, Defendant Steinbach."  Dkts. 81 and 89.   Plaintiff's claims against Defendant Garcia were dismissed with prejudice.  *Id.*

## DISCUSSION

Pursuant to Fed. R. Civ. P. 16(b)(4) a pretrial scheduling order may be modified only for good cause and with the judge's consent. The court also has discretion to entertain successive motions for summary judgment, independent of whether the motions involve qualified immunity. *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010).  Fed. R. Civ. P. 56 does not limit the number of motions that parties may file and its limit on the timing of such motions "apply unless . . . the court orders otherwise." *Hoffman*, 593 F.3d at 911, citing Fed. R. Civ. P. 56(c). A successive motion for summary judgment is particularly appropriate on an expanded factual record.  *Id*.

Here, there is good cause to modify the pretrial scheduling order as there are claims remaining that may be adjudicated by motion.  Currently there is at least one un-adjudicated claim, "The August 8, 2008, Cuff-Port Incident, Defendant Steinbach." Dkt. 81.  Defendants assert that they will provide an expanded factual record so this claim, and any other claims not previously adjudicated, may be adjudicated on the motion.  Dkt. 93.   After Defendants have

AMENDED PRETRIAL SCHEDULING ORDER- 2

filed the motion for summary judgment, Plaintiff may produce all evidence and affidavits in opposition.[1]

Accordingly, it is **ORDERED:**

1)      Defendants' motion to modify the pretrial scheduling order (Dkt. 93) is **GRANTED;** Plaintiff's motion for the court to deny Defendants' successive motion and to allow Plaintiff to produce additional evidence (Dkt. 97) is **DENIED.**

2)      Any dispositive motion shall be filed and served on or before **September 3, 2010**. The motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the court's calendar.  That date shall be the fourth Friday following filing of the dispositive motion.  All briefs and affidavits in opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion.  If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit.  The party making the motion may file a reply to the opposing party's briefs and affidavits, which also shall be filed and served pursuant to the requirements of Fed. R. Civ. P. 7 and Local Rule CR 7.

If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of
> Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for
> summary judgment.  Generally, summary judgment must be granted
> when there is no genuine issue of material fact -- that is, if there is no

---

[1] Plaintiff's request to produce additional evidence regarding the alleged assault against Defendant Jose David Garcia is moot.  Plaintiff's claims against Mr. Garcia were dismissed with prejudice.  Dkts. 81, 89.

AMENDED PRETRIAL SCHEDULING ORDER- 3

1  real dispute about any fact that would affect the result of your case, the
2  party who asked for summary judgment is entitled to judgment as a
   matter of law, which will end your case.  When a party you are suing
3  makes a motion for summary judgment that is properly supported by
   declarations (or other sworn testimony), you cannot simply rely on what
4  your complaint says.  Instead, **you must set out specific facts in**
   **declarations, deposition, answers to interrogatories, or authenticated**
5  **documents, as provided in Rule 56(e), that contradict the facts**
   **shown in the defendant's declarations and documents and show that**
6  **there is a genuine issue of material fact for trial.  If you do not**
   **submit your own evidence in opposition, summary judgment, if**
7  **appropriate, may be entered against you.  If summary judgment is**
   **granted, your case will be dismissed and there will be no trial.**
8

9  *Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998) (emphasis added).  Furthermore, Local

10 Rule CR 7(b) (4) states that a party's failure to file necessary documents in opposition to a

11 motion for summary judgment may be deemed by the court to be an admission that the

12 opposition is without merit.

13
       3)      Counsel and *pro se* parties are directed to confer and provide the court with a joint
14
15 status report by no later than **December 3, 2010**.  The joint status report shall contain the

16 following information by corresponding paragraph numbers:

17         a)      A short and concise statement of the case, including the remaining legal

18 and factual issues to be determined at trial;

19         b)      A narrative written statement from each party setting forth the facts that
20
21 will be offered by oral or written documentary evidence at trial;

22         c)      A list of all exhibits to be offered into evidence at trial;

23         d)      A list of the names and addresses of all the witnesses each party intends to
24 call along with a short summary of anticipated testimony of each witness.

25

26

AMENDED PRETRIAL SCHEDULING ORDER- 4

e)       Whether the parties agree to arbitration or mediation under this district's

arbitration program, and if so whether the arbitration will be final and conclusive or the

right to trial de novo will be preserved (see Local Rule CR 39.1(d));

f)       Whether the case should be bifurcated by trying the liability issues before

the damages issues, or specially managed in any other way;

g)       Any other suggestions for shortening or simplifying the trial in this case;

h)       The date the case will be ready for trial, considering Local Rule CR 16

deadlines;

i)       The dates on which trial counsel are unavailable and any other

complications to be considered in setting a trial date;

j)       Whether the trial will be by jury or non-jury;

k)       The number of trial days required, and suggestions for shortening trial;

l)       The names, addresses, and telephone numbers of all trial counsel and

unrepresented (pro se) parties who intend to appear at trial.

If the parties are unable to agree on any part of the report, they may answer in separate

paragraphs.  **Separate reports are <u>not</u> to be filed**.  Plaintiff's counsel (or plaintiff, if *pro se*) will

be responsible for initiating communications for the preparation of the joint status report.

4)       All motions, pretrial statements and other filings shall be accompanied by proof

that such documents have been served upon counsel for the opposing party (or upon any party

acting *pro se*).  The proof shall show the day and manner of service and may be by written

acknowledgment of service, by certificate of a member of the bar of this court, by affidavit of the

person who served the papers, or by any other proof satisfactory to the court.  Such proof of

service shall accompany both the original and duplicates filed with the Clerk.  Failure to comply

AMENDED PRETRIAL SCHEDULING ORDER- 5

with the provisions of this Order can result in dismissal/default judgment or other appropriate

sanctions.

The Clerk of Court is directed to send a copy of this Order to Plaintiff and to counsel for

Defendants.


DATED this   2nd   day of August, 2010.


Karen L. Strombom
United States Magistrate Judge

AMENDED PRETRIAL SCHEDULING ORDER- 6