UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LENIER AYERS,<br><br>                Plaintiff,<br>     v.<br><br>HENRI RICHARDS, RICHARD STEINBACH, MIKE HOGAN, JERAMY DORFNER, BECKY DENNY, JOSE GARCIA, LESLIE SZIEBERT, THOMAS BELL, and KRYSTAL KNUTSON,<br><br>                Defendants. | No. C08-5541 RJB/KLS<br><br>ORDER DENYING SECOND MOTION FOR THE APPOINTMENT OF COUNSEL |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's second motion for appointment of counsel. Dkt. 94. Plaintiff's previous motion (Dkt. 68) was denied. Dkt. 76. Having carefully reviewed Plaintiff's motion, Defendants' response (Dkt. 95), and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may

ORDER DENYING MOTION FOR COUNSEL - 1

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied).  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test.  *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Mr. Ayers has been litigating two lawsuits before this Court for over a year.  *See* C08-5390 BHS/KLS. Defendants maintain that the claims raised by Mr. Ayers in this case are duplicative of those raised by Mr. Ayers in C08-5390.  Dkt. 50, pp. 9-10.   In C08-5390, Mr. Ayers made four requests for appointed counsel, which were all denied.  C08-5390 at Dkts. 56, 100, 159.  Mr. Ayers' most recent request for counsel is based on his mistaken belief that "the Honorable Robert J. Bryan has found significant merit to this case in rendering the Honorable Judge K. Strombom's judgment to assumptively [sic] dismiss and order this case closed by

ORDER DENYING MOTION FOR COUNSEL - 2

overruling her decision." Dkt. 94. In fact, the Report and Recommendation of the undersigned was adopted by the Honorable Robert J. Bryan. Dkt. 89. The judgment which followed was later declared null and void to clearly reflect the Court's ruling that Defendants' motion for summary judgment was denied in part, leaving at least one of Mr. Ayers' claims outstanding. (Dkt. 92).

Mr. Ayers is able to articulate his claims and cite to relevant authority (*see, e.g.,* Dkt. 15) and has failed to show that he is likely to prevail on the merits. The Court disposed of the majority of the claims raised in Plaintiff's First Amended Complaint because they lacked merit.

Accordingly, Plaintiff's second motion to appoint counsel (Dkt. 94) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this 16th day of August, 2010.

*Karen L. Strombom* (signature)
Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3